

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00732-CR

Jacob Wayne **PEEK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CRW2205120
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:      Irene Rios, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: April 22, 2026

AFFIRMED

Appellant Jacob Wayne Peek entered an open plea of no contest/nolo contendere and signed written plea admonishments, waivers, and a judicial confession of guilt for committing indecency with a child by sexual contact. Following a sentencing hearing, the trial court sentenced Peek to twenty years' imprisonment. Peek appeals.[1]

---

[1] During a combined plea proceeding, Peek also plead no contest/nolo contendere to the aggravated sexual assault of a child pursuant to a plea agreement with the State in exchange for its recommendation to the trial court to cap his punishment at thirty years in prison. After accepting the plea agreement, the trial court sentenced Peek to thirty years'

Peek's court-appointed appellate counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief explains why no arguable points of error exist for review and concludes that this appeal is frivolous and without merit. *See id*. at 744-45; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–45; *High*, 573 S.W.2d at 812–13. In compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel certified that he served copies of the brief and motion to withdraw on Peek and informed Peek of his right to review, the procedure for obtaining the record, and file a pro se brief. This court subsequently set a deadline for Peek to file a pro se brief. Peek then requested a copy of the record, which this court provided to him. Subsequently, Peek filed a pro se brief, and the State filed a brief in response.

We have reviewed the appellate record, the *Anders* brief, Peek's pro se brief, and the State's brief. We conclude that there are no arguable grounds for appeal, and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in *Anders* brief or pro se response but should only determine if the appeal is frivolous). Therefore, we affirm the judgment of the trial court and grant appellate counsel's motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

---

imprisonment for the aggravated sexual assault of a child. The trial court ordered Peek's twenty-year sentence for indecency with a child by sexual contact herein to run consecutively to his thirty-year sentence for the aggravated sexual assault of a child. Peek's aggravated sexual assault of a child conviction is not at issue in this appeal; and therefore, we do not address it any further.

No substitute counsel will be appointed.[2] Should Peek wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or from "the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id*. R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id*. R. 68.4.

Irene Rios, Justice

DO NOT PUBLISH

---

[2] We also deny Peek's November 14, 2025 motion for appointment of new counsel.